UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH A. RHINEHART,

    Plaintiff,

Case No. 10-cv-10006

HONORABLE STEPHEN J. MURPHY, III

v.

D. SCUTT, et al.,

    Defendants.
                                        /

**ORDER ADOPTING REPORT AND RECOMMENDATION**
(docket no. 126), **GRANTING DEFENDANTS' MOTIONS
TO DISMISS** (docket nos. 33, 45, & 84)**, AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (docket no. 57)

    Kenneth Rhinehart has accused medical personnel working in the G. Robert Cotton Correctional Facility in Jackson, Michigan of "deliberate indifference" to his medical needs, in violation of the Eighth Amendment of the Constitution.  He filed this 42 U.S.C. § 1983 claim to seek a remedy for the alleged conduct of the medical workers at the prison.  The case was referred to a magistrate judge for all pretrial proceedings.  The defendants all filed motions seeking dismissal, or, in the alternative, summary judgment.  Rhinehart also filed a motion for summary judgment.

    On January 14, 2011, the magistrate judge issued a Report and Recommendation to the Court to grant the defendants' motions, deny Rhinehart's motion, and dismiss this case without prejudice, based on Rhinehart's failure to exhaust the prison's administrative remedies prior to filing his lawsuit.  Rhinehart timely filed objections to the Report and Recommendation, arguing that various exceptions to the failure to exhaust administrative remedies apply to his case.  Because the Court finds none of these exceptions persuasive,

we adopt the Report and Recommendation, grant the defendants' motions, deny Rhinehart's motion, and dismiss this case without prejudice.

## STANDARD OF REVIEW

Objections to a report and recommendation by a federal magistrate that are "specific" must be reviewed de novo by the Court. Fed. R. Civ. P. 72(b)(2); *see also* E.D. Mich. LR 72.1(d)(1) (requiring objectors to a report and recommendation to "specify the part of the order, proposed findings, recommendations, or report to which the party objects," and to "state the basis for the objection"). Because Rhinehart is representing himself in this suit, the Court is less stringent about the "specificity" of an objection needed to trigger de novo review. *See Haines v. Kerner*, 404 U.S. 419, 420 (1972) ("[W]e hold [pro se documents] to less stringent standards than formal pleadings drafted by lawyers"). Rhinehart's objections all address the magistrate judge's finding that his claim cannot proceed because he did not exhaust the prison's administrative remedies. Therefore, the Court's review of the Report and Recommendation is de novo.

## DISCUSSION

Under the Prisoner Litigation Reform Act, a prisoner cannot bring a § 1983 claim "with respect to prison conditions . . . *until* such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Prior to filing this lawsuit, Rhinehart had only utilized one of the three levels of administrative review available to him in the Michigan correctional system. *See* Rep. & Recommendation 7–8, Jan. 14, 2011, ECF No. 126. The Sixth Circuit holds that since the language of § 1997e(a) makes exhaustion a condition precedent for the filing of a § 1983 claim, "The prisoner . . . may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). This remains true even if exhaustion of the remedies is

perceived as "futile," *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001), or if the various stages of the appeals process within the prison system are optional, *Owens v. Keeling*, 461 F.3d 763, 770 n.4.  Rhinehart's case is therefore reasonably simple to decide: because he did not fulfill his obligation to seek complete redress through the administrative process in prison as an initial matter, his § 1983 claim was prematurely filed, and must be dismissed.

Rhinehart raises various grounds on which his failure to fulfill the requirements of § 1997e(a) should be excused, but none of them are applicable to his case.  He argues, first, that "futility" arguments are applicable if a prisoner has been "reliably informed by staff that no remedies are available."  *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005); *Miller v. Tanner*, 196 F.3d 1190 (11th Cir. 1999) (excusing failure to exhaust when prisoner was unequivocally told that appeal of an administrative decision in prison was not permitted).  But there is no record evidence that prison officials told Rhinehart that no remedies were available; indeed, since he continued to pursue his administrative remedies during the pendency of this case, it is evident that this argument does not accurately describe his situation.  Otherwise, this argument simply rehashes the "futility" argument the magistrate judge thoroughly addressed and correctly rejected.

Rhinehart also relies on cases in which noncompliance with exhaustion requirements was excused because of disabilities, or due to a genuine emergency.  All of the cases cited are distinguishable.  Only a disability that completely prevents effective communication will excuse the exhaustion requirement  *See Kuhadja v. Ill. Dep't of Corr.*, No. 05-cv-3236, 2006 WL 1662941, at *1 (excusing exhaustion when the plaintiff could only communicate via sign language).  Rhinehart has shown that he is perfectly capable of communicating with the Court and meeting relevant filing deadlines, so the analogy is inapt.  The claimed cases Rhinehart cites addressing an "emergency" exception to § 1997e are also

3

distinguishable from the case at bar. *See Martin v. Goord*, 255 F.3d 40, 42–43 (2d Cir. 2001) (holding that § 1997e is not applicable when an excessive force claim is brought by an inmate because such claims do not challenge prison conditions or prison policy); *Evans v. Saar*, 412 F. Supp. 2d 519 (D. Md. 2006) (rejecting administrative exhaustion defense in a challenge to Maryland's protocol for administering the death penalty because the state failed to carry its burden of proof that in-house remedies had been exhausted). While the Court sympathizes with Rhinehart's illness, he does not fit into any of the exceptional cases he cites, and the Court sees little prejudice to Rhinehart if he is forced to refile this action.

After de novo review of the Report and Recommendation, the Court finds itself in agreement with its findings.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (docket no. 126) is **ADOPTED**. Accordingly, defendants' motions for dismissal or summary judgment (docket nos. 33, 45, & 84) are **GRANTED**, Rhinehart's motion for summary judgment (docket no. 57) is **DENIED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 16, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 16, 2011, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager